UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY A. NYUWA,

                Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

Case No. C16-859-RAJ

ORDER DENYING EMERGENCY MOTION TO SEAL RECORD

       In October 2016, this immigration habeas action was dismissed as moot because petitioner had been removed to Nigeria. Dkts. 15 & 16. A year later, in October 2017, petitioner filed an emergency motion to seal the record in this case because he discovered that an internet search of his name returned third-party websites with information about this case, which he fears would put him in danger if discovered by individuals in Nigeria. Dkt. 17. Petitioner filed essentially the same motion in at least three other cases. *Nyuwa v. Lynch*, No. 13-74265, Dkt. 57 (9th Cir. Oct. 17, 2017); *Nyuwa v. Lynch*, No. 14-70333, Dkt. 53 (9th Cir. Oct. 17, 2017); *Nyuwa v. Lynch*, No. 14-71231, Dkt. 45 (9th Cir. Oct. 17, 2017). The Ninth Circuit has not yet ruled on any of these motions.

ORDER DENYING EMERGENCY
MOTION TO SEAL RECORD - 1

1  The motion to seal in this case has been referred to the undersigned. Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978), and "[t]here is a strong presumption of public access to the court's files," Local Rules W.D. Wash. LCR 5(g); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus, a party seeking to seal an entire case record must provide "compelling reasons" that justify withholding the information from the public. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026-27 (9th Cir. 2014).

Even assuming that petitioner has a legitimate fear of retaliation if individuals in Nigeria learn of his immigration proceedings in the United States, his motion to seal comes too late—the Court cannot claw back information that is available online through third-party websites over which the Court has no jurisdiction. The individuals whom petitioner fears will access his information in Nigeria cannot do so through the Court's website because access to the docket is restricted to case participants and public terminals in the courthouse. Because the Court cannot grant effective relief, petition's motion to seal, Dkt. 17, is DENIED.[1]

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 26th day of February, 2018.

*James P. Donohue*
―――――――――――――――――
JAMES P. DONOHUE
Chief United States Magistrate Judge

---

[1] If the Ninth Circuit grants petitioner's motions to seal in the above-referenced cases, petitioner may file a new motion to seal in this action.

ORDER DENYING EMERGENCY
MOTION TO SEAL RECORD - 2